**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-28

UNITED STATES TAX COURT

DAVID M. KOSOSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17326-12S.                    Filed March 27, 2014.

David M. Kososki, pro se.

<u>Nancy Klingshirn</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,618 deficiency in, and an accuracy-related penalty of $1,401 with respect to, petitioner's 2010 Federal income tax.  The issues for decision are:  (1) whether petitioner is entitled to the filing status of married filing jointly, and if not, whether he is entitled to:  (a) dependency exemption deductions for his two minor children, (b) the earned income credit, and (c) the additional child tax credit; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Background

The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Michigan.

During 2010 petitioner and Nicole Kososki lived together as husband and wife with their children and provided for the children's support.  Petitioner's 2010 adjusted gross income did not equal or exceed Ms. Kososki's.  Petitioner and Ms. Kososki had been married for approximately eight years and had previously filed their Federal income tax returns as married filing jointly.  Petitioner's mother

typically prepared and electronically filed the returns with the consent of petitioner and Ms. Kososki.

In early February 2011 petitioner and Ms. Kososki discussed the preparation and filing of their 2010 tax return. On February 4, 2011, petitioner, with assistance from his mother, electronically filed the 2010 tax return as married filing jointly. The joint return reflected an overpayment and a claim for credits resulting in a refund due of $7,768.

Shortly after the 2010 return was filed, Ms. Kososki moved out of the marital home. Sometime thereafter Ms. Kososki and petitioner discussed the status of their tax return and apportioning the refund. Ms. Kososki indicated that she did not object to the filing of a joint return but only because she expected to receive a portion of the refund from petitioner.

In March 2011 Ms. Kososki learned that petitioner had received the tax refund which had been claimed on the joint return. The refund was directly deposited into petitioner's bank account. Ms. Kososki was not a named account holder on petitioner's bank account, and petitioner did not otherwise share any of the refund with Ms. Kososki. In late March 2011 Ms. Kososki filed a tax return for 2010 with the status of married filing separately and claimed dependency exemption deductions for their two children.

As a result of the conflicting filing statuses, the Internal Revenue Service (IRS) initiated an examination of petitioner's 2010 joint tax return. Ultimately, the IRS issued a notice of deficiency determining that petitioner was not entitled to joint filing status and disallowed the claimed dependency exemption deductions, the earned income tax credit, and the additional child tax credit and determined an accuracy-related penalty under section 6662(a).

## Discussion

### Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, places the burden of proof on the Commissioner with regard to certain factual issues. Because petitioner has not alleged or shown that section 7491(a) applies, the burden of proof remains on petitioner.

### Joint or Separate Return

Section 6013(a) permits a husband and wife to file a joint return. Spouses who elect to file a joint return for a tax year are required to compute their tax on the aggregate income of both spouses, and both spouses are jointly and severally

liable for all taxes due. See sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). Where spouses file a joint return with respect to a tax year, neither spouse may thereafter elect married filing separately status for that tax year if the time for filing the tax return of either spouse has expired. See United States v. Guy, 978 F.2d 934 (6th Cir. 1992); Ladden v. Commissioner, 38 T.C. 530, 534 (1962); Haigh v. Commissioner, T.C. Memo. 2009-140; sec. 1.6013-1(a)(1), Income Tax Regs.

Respondent argues that petitioner and his former wife did not file a joint return. We disagree. Petitioner, with the consent of Ms. Kososki, initially timely filed a joint return for 2010 on February 4, 2011. In late March 2011 Ms. Kososki timely filed a separate return for the same tax year. Generally, the time for filing a tax return is the 15th day of April following the close of the calendar year. Sec. 6072(a). Because Ms. Kososki filed as married filing separately before the time for either spouse to file a return had expired, her separate return is valid. See sec. 1.6013-1(a)(1), Income Tax Regs. Since Ms. Kososki filed a separate return after the joint return and the IRS accepted it, respondent adjusted the original joint return of petitioner to married filing separately status. Accordingly, we sustain the determination insofar as respondent determined that petitioner is not entitled to joint return filing status. The filing of petitioner's separate return, however, is not

dispositive of his entitlement to the claimed dependency exemption deductions and tax credits.

Dependency Exemption Deductions

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or claimed credit. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940).

Section 151(c) allows a deduction for each dependency exemption as defined in section 152. Section 152(a) provides that a dependent means a "qualifying child" or a "qualifying relative". Section 152(c)(1) defines a qualifying child as an individual: (1) who bears a designated relationship to the taxpayer, such as a child of the taxpayer; (2) who has the same principal place of abode as the taxpayer for more than one-half of the tax year; (3) who has not attained the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year; (4) who has not provided over one-half of such individual's own support for the calendar year in which the tax year of the taxpayer begins; and (5) who has not filed a joint return with the individual's spouse.

As indicated, petitioner and Ms. Kososki did not separate until 2011. Thus, the children lived in the same household as petitioner and Ms. Kososki. It would thus appear initially that the children are the qualifying children of each parent.

The Code provides an objective rule for determining which taxpayer or parent is entitled to a dependency exemption deduction in the event that both parents attempt to treat the same individual as a qualifying child on separately filed returns when the qualifying child resided with both parents for the same amount of time during the taxable year. See sec. 152(c)(4)(B)(ii). Under section 152(c)(4)(B), "[i]f the parents claiming any qualifying child do not file a joint return together, such child shall be treated as the qualifying child of * * * (ii) * * * the parent with the highest adjusted gross income."

Respondent does not contest that petitioner's children meet all the requirements of section 152(c)(1). However, respondent asserts that because petitioner was not entitled to joint filing status and because Ms. Kososki had the higher adjusted gross income for 2010, he is not entitled to claim the dependency exemption deductions for 2010. According to respondent, Ms. Kososki is, therefore, the only taxpayer entitled to the deductions under section 151. Petitioner admits that Ms. Kososki had the higher adjusted gross income for 2010.

Therefore, pursuant to section 152(c)(4)(B)(ii) petitioner is not entitled to the dependency exemption deductions for 2010.

Earned Income Credit

Taxpayers are afforded a refundable credit under section 32 against income tax when their earned income is below a statutory level; however, section 32(d) denies this credit to married individuals who file separate returns. Because we find petitioner is not entitled to joint return filing status, he is not entitled to the earned income credit for 2010.

Additional Child Tax Credit

With respect to the additional child tax credit for 2010, a taxpayer may claim a credit against Federal income tax of up to $1,000 for each qualifying child of the taxpayer for which the taxpayer is allowed a dependency exemption deduction under section 151. Sec. 24(d).

The Court concludes that petitioner is not entitled to a dependency exemption deduction for either of his two children. As a result, he is not entitled to the additional child tax credit for 2010.

Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of

rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and any reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess the taxpayer's proper tax liability. Id.

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To satisfy that burden,

the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent determined the accuracy-related penalty for 2010 for negligence or a substantial understatement of income tax. Respondent has satisfied his burden by producing evidence that the underpayment of tax with respect to petitioner is the result of a substantial understatement of income tax for 2010 because the understatement of $5,618 exceeds $5,000, which is greater than 10% of the tax required to be shown on the return.[1]

Accordingly, since respondent has met his burden of production, petitioner must provide persuasive evidence that the accuracy-related penalty should not be imposed with respect to the underpayment because he acted with reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

In early 2011 petitioner filed a joint return with Ms. Kososki when they were married and still living together. The record indicates that at the time the return was filed, Ms. Kososki did not object to the filing and in fact had discussed with petitioner the filing of the return, the status of the refund, and apportioning the refund. When Ms. Kososki learned that she would not receive any of the tax

---

[1]Petitioner's original 2010 tax return reflected tax due of $333.

refund from the jointly filed return, she filed a separate return within the prescribed time for filing a return. Although petitioner's initial joint return was adjusted by the IRS as a result of the later timely filed separate return, and we have sustained this adjustment, petitioner has demonstrated that he acted with good faith at the time the return was filed and he had reasonable cause for filing the return with the status of married filing jointly because Ms. Kososki had agreed to that status at the time the return was filed. Therefore, petitioner is not liable for the accuracy-related penalty for tax year 2010.

For the foregoing reasons, the Court sustains respondent's determination that petitioner is not entitled to the status of married filing jointly, the claimed dependency exemption deductions, the earned income credit, and the additional child tax credit for tax year 2010. The Court does not sustain respondent's imposition of the accuracy-related penalty under section 6662(a) for tax year 2010.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiency and</u>

<u>for petitioner as to the accuracy-</u>

<u>related penalty under section 6662(a)</u>.